1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

DENNIS R.,

8

                                            Plaintiff,

CASE NO. C19-5577-MAT

9

        v.

10

ANDREW M. SAUL,
Commissioner of Social Security,

ORDER  RE: SOCIAL SECURITY
DISABILITY APPEAL

11

12

                                            Defendant.

13      Plaintiff proceeds through counsel in his appeal of a final decision of the Commissioner of

14  the Social Security Administration (Commissioner).    The Commissioner denied plaintiff's

15  applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) after

16  a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the

17  administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

18                          **FACTS AND PROCEDURAL HISTORY**

19      Plaintiff was born on XXXX, 1985.[1]  He has a high school education and has worked as a

20  customer service representative, order filler, and shipping and receiving clerk.  (AR 736.)

21      Plaintiff filed applications for DIB and SSI on July 22, 2013, alleging disability beginning

22  March 21, 2013.  (AR 92.)   The applications were denied at the initial level, on reconsideration,

23

---

[1] Dates of birth must be redacted to the year.  Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

and by ALJ Robert P. Kingsley in a decision dated May 21, 2015. (AR 12-27.) On appeal to this court, the ALJ's decision was reversed and the matter was remanded for further administrative proceedings. (AR 900-907.)

On remand, ALJ Allen G. Erickson held a hearing on January 17, 2019, taking testimony from plaintiff and a vocational expert. (AR 754-818.) On February 25, 2019, the ALJ issued a decision finding plaintiff not disabled from the alleged onset date through the date of the decision. (AR 725-44.)

Plaintiff did not appeal and the Appeals Council did not assume jurisdiction, making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset date. At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found plaintiff's bipolar disorder with psychosis, generalized anxiety disorder, cannabis use disorder, alcohol use disorder, and colitis severe. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that plaintiff's impairments did not meet or equal the criteria of a listed impairment.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess

residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work.  The ALJ found, based on all impairments, including substance use disorders, plaintiff was able to perform work at all exertional levels but would require ready access to bathroom facilities; could not follow complex instructions; could perform routine, predictable tasks; could not work in a fast-paced production environment; could handle occasional workplace changes and occasional interaction with the public and coworkers; and would miss more than two workdays per month.  With that assessment, the ALJ found plaintiff unable to perform his past relevant work or, at step five, any work existing in significant levels in the national economy, and thus was disabled.

Because there was medical evidence of substance use disorders, the ALJ considered whether plaintiff would continue to be disabled in the absence of the substance use.  The ALJ found, if plaintiff stopped the substance use, plaintiff would have the same RFC except that he would not miss more than two workdays per month.  With the assistance of a vocational expert, the ALJ found plaintiff still could not perform his past relevant work but was capable of performing other jobs, such as work as a hand packager, laundry worker, and inspector-hand packager. Accordingly, the ALJ found plaintiff's substance use disorder was a contributing factor material to the determination of disability and thus he was not disabled within the meaning of the Social Security Act.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole.  *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  *Accord Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) ("We will set aside a denial of benefits only if the denial is unsupported by substantial evidence in the administrative record or is based on legal error.")  Substantial

ORDER
PAGE - 3

1  evidence means more than a scintilla, but less than a preponderance; it means such relevant

2  evidence as a reasonable mind might accept as adequate to support a conclusion.  *Magallanes v.*

3  *Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  If there is more than one rational interpretation, one of

4  which supports the ALJ's decision, the Court must uphold that decision.  *Thomas v. Barnhart*, 278

5  F.3d 947, 954 (9th Cir. 2002).

6       Plaintiff argues the ALJ erred by discounting two medical opinions, his testimony, and his

7  mother's testimony.  He requests remand for an award of benefits or, in the alternative, for further

8  administrative proceedings.  The Commissioner argues the ALJ's decision has the support of

9  substantial evidence and should be affirmed.

10                                    Symptom Testimony

11       Absent evidence of malingering, an ALJ must provide specific, clear, and convincing

12  reasons to reject a claimant's subjective symptom testimony.  *Burrell v. Colvin*, 775 F.3d 1133,

13  1136-37 (9th Cir. 2014). "General findings are insufficient; rather, the ALJ must identify what

14  testimony is not credible and what evidence undermines the claimant's complaints."  *Lester v.*

15  *Chater*, 81 F.3d 821, 834 (9th Cir. 1996).  In considering the intensity, persistence, and limiting

16  effects of a claimant's symptoms, the ALJ "examine[s] the entire case record, including the

17  objective medical evidence; an individual's statements about the intensity, persistence, and

18  limiting effects of symptoms; statements and other information provided by medical sources and

19  other persons; and any other relevant evidence in the individual's case record."  Social Security

20  Ruling (SSR) 16-3p. [2]

21

22  _____

23       [2] Effective March 28, 2016, the Social Security Administration (SSA) eliminated the term "credibility" from its policy and clarified the evaluation of a claimant's subjective symptoms is not an examination of character.  SSR 16-3p.  The Court continues to cite to relevant case law utilizing the term credibility.

ORDER
PAGE - 4

The ALJ here found plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms not entirely consistent with the medical and other evidence in the record.  The ALJ discounted plaintiff's testimony on the grounds that medical evidence showed improvement during sobriety and medication compliance and he made inconsistent statements concerning his drug use.  (AR 732, 741.)

While incarcerated in 2015, with treatment compliance and in the absence of substance abuse, plaintiff's mental status examination results were consistently normal and his treatment provider assessed his bipolar disorder as "currently in remission."  (AR 1520; *see also* AR 1536, 1567, 1570 ("patient's symptoms are well-controlled").)  Other episodes also show improvement during enforced compliance with medication and abstinence from substance abuse.  (*See* AR 1322-25.)  This was substantial evidence supporting the ALJ's finding that plaintiff's impairments were no longer disabling in the absence of substance abuse.  Plaintiff argues somewhat obscurely that "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation," but does not point to any evidence showing his mental impairments caused his substance use.  Dkt. 16 at 6 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1018 n. 24 (internal quotation marks and citation omitted)).  Conflict with the medical evidence was a clear and convincing reason to discount plaintiff's testimony that his impairments remained disabling even with treatment compliance and in the absence of substance abuse.

Whether or not the ALJ's finding of inconsistent statements was supported by substantial evidence, inclusion of erroneous reasons is harmless, given the existence of other valid reasons for evaluating plaintiff's testimony.  *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1163 (9th Cir. 2008).

The Court concludes the ALJ did not err by discounting plaintiff's testimony.

1

Medical Opinion Evidence

2

       The ALJ is responsible for assessing the medical evidence and resolving any conflicts or

3

ambiguities in the record.  *See Treichler v. Comm'r of Soc. Sec. Admin*., 775 F.3d 1090, 1098 (9th

4

Cir. 2014); *Carmickle*, 533 F.3d at 1164.  When evidence reasonably supports either confirming

5

or reversing the ALJ's decision, the court may not substitute its judgment for that of the ALJ.

6

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

7

       In general, more weight should be given to the opinion of a treating doctor than to a non-

8

treating doctor, and more weight to the opinion of an examining doctor than to a non-examining

9

doctor.  *Lester*, 81 F.3d at 830.  Where doctors' opinions are contradicted, as in this case, they may

10

only be rejected with "'specific and legitimate reasons' supported by substantial evidence in the

11

record for so doing."  *Id*. at 830-31 (quoted source omitted).  An ALJ must provide reasons for

12

rejecting a medical opinion, but is not required to provide reasons for accepting and interpreting a

13

medical opinion.  *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995).

14

Terilee Wingate, Ph.D.

15

       Plaintiff contends the ALJ erred by failing to include greater limitations in the RFC based

16

on Dr. Wingate's opined moderate, defined as "significant," limitations in work-related activities

17

such as maintaining punctual attendance, communicating and performing effectively, and

18

completing a normal workday and workweek.  (*See* AR 517-18, 1431.)  Plaintiff asserts "the ALJ's

19

RFC findings are *not* consistent with Dr. Wingate's opinions" but fails to explain how.  Dkt. 16 at

20

3.  The ALJ limited plaintiff to routine, predictable tasks; prohibited complex instructions; limited

21

interaction with others; limited workplace changes; and prohibited fast-paced work.  (AR 740.)

22

Plaintiff fails to offer any argument that these limitations do not fully account for moderate, *i.e.*,

23

significant, limitations, and this Court will not manufacture one.  *See Indep. Towers of Wash. v.*

*Wash.*, 350 F.3d 925, 929 (9th Cir. 2003) ("Our circuit has repeatedly admonished that we cannot 'manufacture arguments for an appellant' and therefore we will not consider any claims that were not actually argued in appellant's opening brief." (quoting *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir.1994))).

The Court concludes the ALJ did not err in addressing Dr. Wingate's opinions.

Phyllis N. Sanchez, Ph.D.

The ALJ gave very little weight to Dr. Sanchez's opinions that substance abuse did not contribute significantly to plaintiff's marked limitations.  (AR 742, 733.)  As discussed above, substantial evidence supports the ALJ's finding that, in the absence of substance abuse, plaintiff's impairments were no longer disabling.  Plaintiff argues his improved functioning is not a sufficient reason to discount Dr. Sanchez's opinions.  But the medical evidence shows his condition not only improved, it improved to such a degree that he had fully normal mental status examination results. *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with [treatment] are not disabling for the purpose of determining eligibility for SSI benefits.").  Conflict with medical evidence was a specific and legitimate reason to discount Dr. Sanchez's opinions.

The Court concludes the ALJ did not err by discounting Dr. Sanchez's opinions.

Other Medical Evidence

Plaintiff provides several pages summarizing selected treatment notes, but the sum total of his argument is a bare assertion that this evidence shows he is disabled even in the absence of substance abuse.  Dkt. 13 at 6-12.  This Court will not manufacture an argument on plaintiff's behalf.  *See Indep. Towers of Wash.*, 350 F.3d at 929.

/ / /

ORDER
PAGE - 7

1   Non-examining Psychologists

2        Plaintiff contends the ALJ erred by giving "some weight" to the opinions of State agency

3   psychologists John Wolfe, Ph.D., and Diane Fligstein, Ph.D., and should have given them "limited

4   weight."  Dkt. 13 at 12.  Plaintiff fails to show any harm arising from this alleged error.  Even

5   without Dr. Wolfe's and Dr. Fligstein's opinions, the ALJ's finding that plaintiff's mental status

6   returns to essentially normal in the absence of substance abuse is supported by substantial

7   evidence.  This Court cannot reverse the ALJ's decision on account of a harmless error.  *Molina*

8   *v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (ALJ's error may be deemed harmless where it is

9   "'inconsequential to the ultimate nondisability determination.'").

10                                    Lay Witness Statement

11        The ALJ can reject the testimony of lay witnesses only upon giving germane reasons.

12   *Smolen v. Chater*, 80 F.3d 1273, 1288-89 (9th Cir. 1996).  The ALJ gave limited weight to

13   plaintiff's mother's 2013 statement because she had "limited insight concerning the effect of

14   substance abuse on his overall mental functioning."  (AR 743.)  Plaintiff argues this was not a

15   germane reason to discount her statement.  Because the effect of substance abuse on plaintiff's

16   mental functioning is the crucial issue in this case, the ALJ's reason is highly germane.  And it is

17   supported by substantial evidence that plaintiff's family permitted and enabled his drug use,

18   indicating they failed to understand how badly it affected him.  (AR 1323 (family will not limit

19   plaintiff's cannabis use), 1326 (family member gave him drugs), 1353 (family members set no

20   limits on his drug use in their homes)).)  The ALJ reasonably concluded plaintiff's mother's

21   observations could not be relied on to reflect only his functioning in the absence of substance use.

22        Plaintiff contends the ALJ erred by failing to expressly address his mother's highly similar

23   2016 statement.  Because the same reason applies to the 2016 statement, any error is harmless.

ORDER
PAGE - 8

*See Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001) ("In all, the ALJ at least noted arguably germane reasons for dismissing the family members' testimony, even if he did not clearly link his determination to those reasons. Substantial evidence supported the ALJ's decision to discount the family members' testimony.").  To the extent plaintiff argues the ALJ was required to address each and every statement offered by the lay witness, this argument is rejected.  Indeed, the failure to address lay testimony in its entirety may be deemed harmless where it is "'inconsequential to the ultimate nondisability determination.'"  *Molina*, 674 F.3d at 1115.

The Court concludes the ALJ did not err by discounting plaintiff's mother's statements.

<u>Step Five</u>

Plaintiff contends error at step five of the substance abuse materiality determination based on an inaccurate RFC, and resulting incomplete hypothetical to the vocational expert.  However, because the Court finds no error in the assessed RFC in the absence of substance abuse and, therefore, the corresponding hypothetical to the vocational expert, this restating of plaintiff's argument fails to establish error at step five.  *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

**<u>CONCLUSION</u>**

For the reasons set forth above, this matter is AFFIRMED.

DATED this <u>27th</u> day of April, 2020.

Mary Alice Theiler
United States Magistrate Judge

ORDER
PAGE - 9